IN THE MATTER OF LESTER W. FIRSTENBERGER. December 21, 2007. *Attorney at Law,* Disciplinary proceeding, Suspension.

The respondent, Lester W. Firstenberger, appeals from the judgment of a single justice of this court suspending him from the practice of law for six months and one day. We affirm.

*Background.* Bar counsel filed a petition for discipline charging the respondent with misconduct in failing to disclose the existence of a second mortgage on a loan application, concealing the existence of the second mortgage from the first mortgagee, securing a mortgage discharge from the second mortgagee under false pretenses, and intentionally failing to record the second mortgagee's substitute second mortgage. At the time of these transactions, the respondent was employed by the second mortgagee as its senior vice-president and general counsel. The respondent denied any agreement or obligation to record the substitute second mortgage. A hearing committee of the Board of Bar Overseers (board) rejected the allegations of mortgage fraud and securing a mortgage discharge under false pretenses. It found, however, that the respondent knowingly undermined his former employer's security when he granted mortgages to his father-in-law and father, styled as "second" and "third" mortgages, knowing that the employer's mortgage had not been recorded.[1] Considering this conduct to be in violation of Mass. R. Prof. C. 8.4 (c) and (h), 426 Mass. 1429 (1998), the committee recommended the respondent be suspended from the practice of law for a term of six months.

Both parties appealed to an appeal panel. After a hearing, the panel issued a report recommending the board adopt the hearing committee's findings of fact and conclusions of law, but recommending the respondent be suspended from the practice of law for six months and one day. The respondent filed objections to the appeal panel report, and moved to reopen the hearing to present evidence on a belatedly raised defense of equitable subrogation. See *East Boston Sav. Bank* v. *Ogan,* 428 Mass. 327 (1998). Bar counsel appealed from the panel's disciplinary recommendation. The respondent's motion was denied, and the board voted to adopt the report and recommendation of the appeal panel.

An information was filed in the county court recommending the respondent be suspended from the practice of law for six months and one day. The respondent objected to the information, and moved to dismiss it. For the first time, he claimed he had been denied due process because the petition for discipline failed to provide him with adequate notice of the allegations of misconduct for which discipline was imposed, and that he was denied a fair opportunity to be heard. The single justice rejected the respondent's allegations and ordered him suspended for six months and one day, reinstatement to be conditioned on passing the multistate professional responsibility examination.

*Discussion.* The petition for discipline alleged, among other things, that the respondent intentionally failed to record a replacement second mortgage granted to him by his employer. Although the respondent denied that he agreed to record that mortgage, the hearing committee did not credit his testimony. Instead, it credited the employer's understanding that, when it

---

[1]As the report of an appeal panel of the board provides, the respondent acknowledged that he both executed and recorded the mortgages to his father and father-in-law, knowing that the former employer's second mortgage had not been recorded.

agreed to discharge its original second mortgage (to accommodate the respondent's effort to refinance his first mortgage), the respondent would record the replacement second mortgage to "again secure the [employer's] loan and place [the employer] in the same position that it was in prior to the discharge." The hearing committee's credibility determinations in this regard are final. *Matter of Saab*, 406 Mass. 315, 328 (1989).

The respondent's actions in granting and recording documents styled as "second" and "third" mortgages to his father and father-in-law, knowing that he had not recorded the employer's replacement second mortgage and that the employer's priority interest thus had not been secured, provided evidence that the failure to record was intentional, as the petition for discipline alleged. The hearing committee's characterization of these actions as "knowingly undermining the priority of [the employer's] security," and its conclusion that the respondent "intentionally deceived [the employer] and acted dishonestly," in violation of rule 8.4 (c) and (h), is supported by the evidence.

Although the respondent contends he was disciplined for granting subsequent mortgages to his father and father-in-law, facts that were not alleged in the petition for discipline, it is apparent that the respondent was disciplined not for those actions but instead for intentionally failing to record the replacement second mortgage, thereby preserving that mortgagee's priority. The "basic factual allegations" underlying the discipline imposed were sufficiently alleged in the petition for discipline, and the proceedings comported with the requirements of due process. See *Matter of Abbott*, 437 Mass. 384, 392 (2002). See also *Matter of Saab, supra* at 324 ("disciplinary authority may find an attorney's conduct deficient on an entirely different theory than one argued by the investigative or prosecuting agency"). In addition, we note that the respondent failed to raise his due process claims before the hearing committee or the board, and they therefore were waived. *Matter of Cobb*, 445 Mass. 452, 477 (2005).

With respect to the doctrine of equitable subrogation, the evidence before the hearing panel was insufficient to establish application of the doctrine. *East Boston Sav. Bank* v. *Ogan, supra* at 329 & n.2. Among other things, as the board concluded, no evidence was presented to the hearing committee that the father or father-in-law were aware of the employer's prior mortgage. In any event, as the appeal panel report states, the respondent knew his former employer's mortgage was not recorded, and that the employer had relied on him to record it. Whether the employer could assert such a claim in an action to establish priority over other lenders does not warrant a finding that the respondent did not engage in misconduct.

Giving due deference to the recommendation of the board as to sanction, *Matter of Tobin*, 417 Mass. 81, 88 (1994), we agree that the appropriate sanction was to suspend the respondent for six months and one day, with reinstatement conditioned on the respondent's passing the multistate professional responsibility examination.

*Judgment affirmed.*

*Lester W. Firstenberger*, pro se.
*Robert I. Warner*, Assistant Bar Counsel.